[Civ. No. 2624. First Appellate District, Division One.—February 6, 1919.]

KATE G. CAPPLER, Respondent, v. MARY A. COWAN et al., Defendants; MARY A. COWAN, Appellant.

QUIETING TITLE—CONVEYANCE BY DEFENDANT TO PLAINTIFF—FINDING AGAINST DELIVERY OF DEED.—In this action to quiet title and to cancel a deed by the plaintiff to her mother, the finding of the trial court that the deed had not been delivered is fully sustained by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas H. Laine, Jesse H. Evans and Charles S. Wheeler, Jr., for Appellant.

Arthur H. Barendt for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of plaintiff quieting her title to a certain lot of land situated in San Francisco and canceling a deed through which Mary A. Cowan, defendant and appellant, claims to deraign title to said lot.

In regard to the facts of the case, the testimony of the plaintiff showed that in the year 1899, just prior to the making of the deed sought in this suit to be canceled, she had suffered several severe attacks of ''heart failure,'' and, fearing that a recurrence of such attacks might prove fatal, concluded to make arrangements for the disposition of what little property she owned; that desiring to avoid the expense and delay necessarily incident to the orderly probate of her estate, she executed a bill of sale of some mining stock, indorsed the certificate thereof, and executed the above-mentioned deed in favor of her mother, with whom she was then living, and placed these papers in an envelope, upon which she wrote: ''To be delivered to Mrs. Mary A. McElwee [the name of her mother] immediately after my death. Kate G. McElwee''; that the execution of these documents and the placing of them in the envelope as described was done upon the advice of a notary public, before whom the execution of the deed had been acknowledged, and who was a friend of the plaintiff and her mother; that she placed the sealed envelope containing said documents in a drawer in a cabinet in their home in which were kept all her papers and those of her mother while they were living together; that she explained to her mother what she had done, and that her mother understood that the property was to be hers only in the event of plaintiff's death; that no delivery of the documents was ever made; that in the year 1903 she married, and was absent from California during four years; that upon leaving she placed the sealed envelope in her trunk, which she kept at her mother's home, and explained to her sister (the appellant) that in the event of her death she had made provision for their mother in the manner above described; that while she was absent from California the deed, through the occurrence of a fire, had come into her mother's and appellant's possession; that upon her return to the state, being much improved in health, she at one time concluded to destroy the documents, and they were handed to her for that purpose by her sister, but later, upon reflecting that her mother might still survive

her, she decided not to destroy the papers; that thereupon she placed them in her trunk, and did not see the deed again until it was produced by the appellant in court; that prior thereto, however, in May, 1916, and just after the rendition of a judgment unfavorable to the appellant in an action involving this identical lot, she discovered that the deed had been placed of record, and thereupon commenced this action.

The single question in the case is that of the delivery of the deed. It is doubtless true that the document, having been signed and acknowledged by the plaintiff, the finding of it, as testified to by the appellant, among her mother's effects upon her death, would be evidence tending to show its delivery; but we think that the trial court was entirely justified in its conclusion that such evidence was wholly overcome by the testimony introduced by the plaintiff. It is undisputed that the deed was one of gift, and it is not probable under all the circumstances of the case that the plaintiff intended to part with the title to the property while she yet lived, for if she had, and her mother had died before her, the property would have formed part of her mother's estate, and others besides the plaintiff entitled to share in its distribution. The trial judge, who had before him the handwriting of the indorsement on the bill of sale and the envelope, observed at the conclusion of the trial that they appeared not only to be in the handwriting of the plaintiff, but also to have been made with the same pen and ink and at the same time. As to this observation the appellant states that it may be entirely correct, and also that the certificate of stock was inclosed in the envelope to be delivered as directed thereon, but argues—no doubt correctly—that it does not follow that the deed was placed in the envelope with the bill of sale. Notwithstanding this, however, we think the fact that the bill of sale and deed were made at about the same time lends strong support to the testimony of the plaintiff as to her intentions at that time and what she did to carry them into effect. Other cir-cumstances tending to corroborate the plaintiff's testimony, if corroboration were necessary, as contended by appellant, are that the plaintiff from the time she made the deed paid the taxes on the property either from rentals received from it or from other funds belonging to her; that she always claimed to own the property, and her title thereto was not questioned by the appellant, or anyone else, until litigation over a bound-

ary line between it and adjoining land, or some similar litigation between the parties, was decided adversely to the appellant, and at that time, as before stated, this old deed suddenly appeared of record.

It follows from what we have said that the judgment should be affirmed, and it is so ordered.

Waste, P. J., and Richards, J., concurred.